UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2011 NOV 21  P 1: 13

VERNAL MORGAN

    v.

PRISONER CASE NO.
3:11-cv-1334 (VLB)

BRIAN MURPHY, ET AL.

## RULING AND ORDER

The plaintiff has filed four motions for leave to amend his
complaint, a motion for appointment of counsel and a motion to
compel.  For the reasons set forth below, the motions to amend
are granted and the motions for appointment of counsel and to
compel are denied.

## I.    Motions to Amend [Docs. Nos. 8, 9, 10]

The plaintiff seeks leave to amend his complaint to add
exhibits, add defendants and to clarify the spelling of the name
of one defendant.  The Federal Rules of Civil Procedure provide
that plaintiff may amend his complaint once as of right "within
21 days after serving [the complaint] or . . . [within] 21 days
after service of a" pleading responsive to the complaint "or 21
days after service of a motion" to dismiss, for more definite
statement or to strike.  Rule 15(a)(1), Fed. R. Civ. P.  To date,
the complaint has not been served and no answer, motion to
dismiss, for more definite statement or to strike has been filed
by the defendants.  Accordingly, the motions to amend are
granted.

The plaintiff has not attached proposed amended complaints to any of the motions to amend. Accordingly, the court will permit the plaintiff thirty days to file his amended complaint. The plaintiff is reminded that an amended complaint completely replaces the original complaint. Thus, the amended complaint shall include all of the claims and requests for relief he seeks to have the court consider and shall name all of the defendants against whom he seeks relief.

## II.   Motion to Compel [Doc. No. 4]

The plaintiff asserts that he sent requests for certain documents to the defendants on various days in 2010 and 2011, but has not received copies of the documents. The plaintiff asks the court to compel the defendants to produce these documents.

Rule 37(b)1 of the Local Civil Rules of the United States District Court for the District of Connecticut requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed. Rule 37(a)3 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

The plaintiff has not filed a memorandum in support of his motion to compel setting forth the reasons why each of the requested documents should be allowed. In addition, the plaintiff has not attached a copy of his requests for production of documents. Because the plaintiff has not complied with the provisions of Federal Rule 37(b)1, the motion to compel the defendants to respond to his 2010 and 2011 document requests is denied without prejudice.

Furthermore, it is evident from documents attached to one of the plaintiff's motions to amend that he has received copies of the witness statement that he seeks in his motion to compel. (*See* Mot. Amend, Doc. No. 8.) In addition, documents attached to the complaint demonstrate that the plaintiff has submitted Freedom of Information Act requests regarding the Notice of Program Review forms that he seeks in the motion to compel. In response to those requests, Warden Quiros indicated that the Notice of Program Review forms cannot be located by Northern Correctional Institution officials.

### III. Motion for Appointment of Counsel [Doc. No. 3]

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is

unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). I

The plaintiff states that he has made repeated attempts to obtain a lawyer, but refers to only three attorneys by name. He has not attached any of the letters that he received from attorneys that he may have contacted. Accordingly, the plaintiff has not demonstrated that he cannot obtain legal assistance on his own. The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time.

Furthermore, in deciding whether to appoint counsel, the district court also considers "whether the indigent's position seems likely to be of substance." *Id.* In *Cooper*, the Second Circuit reiterated the importance of requiring an indigent to "pass the test of likely merit" and explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Cooper*, 877 F.2d at 171.

In view of the fact that the plaintiff has been granted leave to file an amended complaint to add new claims, the court concludes that the existing record does not sufficiently allow it to determine whether plaintiff's claims pass the test of likely merit. Thus, appointment of counsel is not warranted. The

motion for appointment of counsel is denied without prejudice.[1]

## Conclusion

The Motion for Appointment of Counsel [**Doc. No. 3**] and Motion to Compel [**Doc. No. 4**] are **DENIED** without prejudice. The Motions for Leave to Amend [**Docs. Nos. 8, 9, 10**] are **GRANTED**. The court will permit the plaintiff thirty days to submit an amended complaint that includes all of the claims and requests for relief he seeks to have the court consider and names all of the defendants against whom he seeks relief. **The Clerk shall send the plaintiff an amended complaint form and copies of the complaint and the motions to amend with their attachments.** If the plaintiff does not file an amended complaint within thirty days of the date of this order, the case will proceed only as to the defendants and claims in the complaint.

**SO ORDERED** at Bridgeport, Connecticut this _21_ day of November, 2011.

/s/ Holly B. Fitzsimmons, USMJ

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff asks the court to appoint Attorney Aaron Romano to represent him in this action. The plaintiff has provided no evidence that Attorney Romano has agreed to be appointed as *pro bono* counsel. Furthermore, Attorney Romano is not currently on the court's Civil Pro Bono Panel. If the plaintiff provides written documentation that Attorney Aaron Romano has consented to be appointed as *pro bono* counsel, the court will consider adding him to the panel and appointing him as counsel.