UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

VERNAL MORGAN,
        Plaintiff,

v.

BRIAN MURPHY, et al.,
        Defendants.

PRISONER
CASE NO. 3:11-cv-1334(VLB)

August 27, 2012

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut ("Northern"), has filed an amended complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Attorneys Michael Rubino, Sydney Shulman, Jane Starkowski, Richard Cahill, Peter Downs, Jessica York, Kenneth Speyer and Charles Augur and Connecticut Attorneys General Richard Blumenthal and George Jepsen.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff asserts that Attorneys Rubino, Shulman, Starkowski, Cahill, Downs, York, Speyer and Augur work for the Inmates' Legal Assistance Program. He claims that they have refused to provide him with proper legal services and given him discouraging legal advice regarding his cases.

In order to state a claim for relief under section 1983 of the Civil Rights Act, Plaintiff must satisfy a two-part test. First, he must allege facts demonstrating that defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986). In *Lugar*, the Supreme

Court held that conduct constitutes state action when a deprivation of rights is "caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Id.* at 937.

As a general rule, a public employee acts under color of state law when he or she acts in his or her official capacity or exercises his or her responsibilities pursuant to state law.  See *West v. Atkins*, 487 U.S. 42, 50 (1988).  In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court recognized an exception to the general rule.  "[A] public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant."  *Id.* at 317.  See also *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979).  The Court distinguished a public defender from the typical state employee or state actor and noted that "[w]hile performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his 'professional independence,' which the State is constitutionally obliged to respect."  *West*, 487 U.S. at 50 (quoting *Polk County*, 454 U.S. at 321-22).  In addition, "when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for the purposes of § 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'"  *Id.* (quoting *Polk County*, 454 U.S. at 323 n.13).  Similarly, attorneys appointed to represent indigent litigants are not considered to be acting under color of state law.  See, e.g., *Peavey v. Polytechnic Institute of New York*, 775 F. Supp. 75 (E.D.N.Y. 1991) (private attorney), *aff'd*, 969 F.2d 1042, *cert.*

*denied*, 506 U.S. 922 (1992); *Neustein v. Orbach*, 732 F. Supp. 333 (E.D.N.Y. 1990) (Legal Aid attorney does not act under color of state law (citing *Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1157 (2d Cir. 1971)).

Defendants Rubino, Shulman, Starkowski, Cahill, Downs, York, Speyer and Augur are private attorneys who provide legal assistance to Connecticut inmates pursuant to a contract with the Connecticut Department of Correction.  This court has previously held that attorneys working for ILAP pursuant to a contract with the State of Connecticut to provide legal assistance to inmates incarcerated in Connecticut in civil matters against the Department of Correction are not state actors under section 1983.  See *McCarthy v. Armstrong, et al.*, Case No. 3:96cv517 (PCD) (HBF) (D. Conn. May 28, 1998) (ruling granting defendants' motion to dismiss civil rights complaint because Schulman not acting under color of state law).  See also *McArthur v. Bell*, 788 F. Supp. 706, 710, n.1 (E.D.N.Y. 1992) (holding that a private attorney generally is not considered a state actor for purposes of section 1983) (citations omitted).

Because Attorneys Rubino, Shulman,  Starkowski, Cahill, Downs, York, Speyer and Augur are acting as private attorneys in performing obligations under the contract with the Department of Corrections, the court concludes they are not acting under color of state law.  Thus, the claims as to these defendants are dismissed.  See 28 U.S.C. § 1915A(b)(1).

Even though the plaintiff has not demonstrated that defendants Rubino, Shulman,  Starkowski, Cahill, Downs, York, Speyer and Augur are state actors, he

may assert a claim against them if they conspired with a state official to deprive another of a constitutional right. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (private attorneys who conspired with state actors deemed to have been acting under color of state law).

To state a claim for conspiracy under section 1983, the plaintiff must allege facts showing an agreement between at least two state actors or between one state actor and one private individual or entity to act in concert to inflict an unconstitutional injury on the plaintiff and an overt act done in furtherance of the conspiracy that causes damages. *See Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations. "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993) (citations, internal quotation marks, and internal alterations omitted)).

The plaintiff claims that the letters attached to his amended complaint show that the Inmates' Legal Assistance Attorneys were involved in "collusion" with Department of Correction staff. These allegations of conspiracy are conclusory and are not supported by the letters attached to the amended

complaint.

The letters reflect that Attorney Rubino, at the plaintiff's request and after receiving the plaintiff's authorization to do so, contacted a deputy warden at Northern regarding the plaintiff's concerns about his progression through the administrative segregation phase program.  Attorney Rubino informed the plaintiff that the deputy warden indicated that he would look into the plaintiff's concerns.  In a follow-up letter, Attorney Rubino informed the plaintiff that attorneys working for the Inmates' Legal Assistance Program were not permitted to represent him in a matter before the Freedom of Information Commission and instructed him on the procedures for requesting documents from the Commission.  Attorney Rubino also informed the plaintiff that he was scheduled to complete the third phase of the administrative segregation program in less than two months and that the deputy warden had indicated that a disciplinary report could impede an inmate's progress through the phase program.

These letters include no facts from which the court could infer the existence of a conspiracy to violate the plaintiff's constitutional rights by any of the defendant Attorneys from Inmates' Legal Assistance and a state or federal official.  Thus, plaintiff fails to allege facts to satisfy this exception to the state action requirement for filing a section 1983 complaint.  Thus, the section 1983 conspiracy claims as to defendants Rubino, Shulman, Starkowski, Cahill, Downs, York, Speyer and Augur are dismissed.  See 28 U.S.C. § 1915A(b)(1).

The plaintiff states that he has brought this action pursuant to 42 U.S.C. §

1985 and § 1986, in addition to 42 U.S.C. § 1983.  The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings.  The plaintiff is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.

In order to state a claim under section 1985(3), plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  Importantly, the plaintiff must show that the conspiracy was motivated by a "racial, or perhaps otherwise class-based invidiously discriminatory animus." *Id.* at 102.  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights.  *See id.* at 101-02.

The plaintiff asserts no facts to support a claim of conspiracy on the part of the defendants.  Nor does the plaintiff allege that the actions of any defendant were taken because of his race or other class-based discriminatory animus.  Thus, the plaintiff fails to state a claim cognizable under section 1985(3).  The Section 1985 claims is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

Under 42 U.S.C. § 1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. § 1985, but fails to prevent them. Without a violation of section 1985, however, there can be no violation of section 1986.  See *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993).  Because the plaintiff has not stated a section 1985 claim, his section 1986 is not actionable and is dismissed.  See 28 U.S.C. § 1915A(b)(1).

The plaintiff claims that Attorneys General Blumenthal and Jepsen have engaged in misuse of State funds by continually representing Department of Correction employees in lawsuits and paying out 100 million dollars in settlement money.  The plaintiff alleges that this constitutes gross negligence and gross misconduct at the tax payer's expense.  The plaintiff's claims are based on an editorial in the Hartford Courant.

The plaintiff has no constitutionally or federally protected right not to have the Connecticut Attorney General represent state employees or to settle lawsuits. Furthermore, the plaintiff does not allege that he is a taxpayer or that he has been injured in any way as a result of the alleged payouts of millions of dollars to settle lawsuits against the State of Connecticut.  Thus, the plaintiff has not alleged an injury to himself that is sufficient for him to have standing to assert claims against defendants Blumenthal and Jepsen.  See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (outlining three elements for standing "[f]irst, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is concrete and particularized, and actual or imminent, not

conjectural or hypothetical, [s]econd, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court, [and] [t]hird, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal citations and quotations omitted).  Accordingly, the claims against defendants Blumenthal and Jepsen are dismissed.[1]

**ORDERS**

The court enters the following orders:

(1) All claims against the defendants are DISMISSED pursuant to 28

---

[1] In addition, the plaintiff describes the actions of defendants Blumenthal and Jepsen in mis-using state funds as "Racketeering Organized Crimes." Amended Compl. at 5, 7. The Racketeer Influenced and Corruption Organizations Act ("RICO"). creates a private right of action for treble damages for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).  To state a valid claim for damages under RICO, a plaintiff must allege both that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962, and that he was injured in his business or property by reason of a violation of section 1962." *Id.*  Section 1962 contains four subsections that set forth the criminal activities prohibited under RICO.  *See Hemi Group, LLC v. City of New York, N.Y.*, ___ U.S. ___, 130 S.Ct. 983, 987 (2010).  In order to state a violation of any of the four subsections, a plaintiff must plausibly allege that a defendant conspired to engage in or did engage in a pattern of racketeering. "Racketeering activity," as defined in 18 U.S.C. § 1961(1), "includes the commission of specified state-law crimes, conduct indictable under various provisions within Title 18 of the United States Code . . . and certain other federal offenses."  *Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp.*, 101 F.3d 900, 904 (2d Cir. 1996).
 The plaintiff has not alleged that his business or property has been injured or that the defendants committed one or more of the federal or state law crimes included in the definition of "racketeering activity" set forth in 18 U.S.C. 1961(1). Thus, the plaintiff has alleged no facts to support a civil RICO claim.

U.S.C. § 1915A(b)(1).  The court declines to exercise supplemental jurisdiction over any state law claims.  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment for the defendants and close this case.

    (2) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this Initial Review Order to the plaintiff.

    SO ORDERED at Hartford, Connecticut this 27th day of August, 2012.

*s/Vanessa L. Bryant*

_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE